FILED
 2014 Aug-29  AM 10:21
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LONNIQUE BRACHE MCCLENDON,**        )<br>)<br>    **Claimant,**        )<br>)<br>vs.        )<br>)<br>**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**        )<br>)<br>)<br>)<br>    **Defendant.**        ) | **Civil Action No. 2:13-CV-1962-CLS** |

# MEMORANDUM OPINION AND ORDER

Claimant Lonnique McClendon commenced this action on October 23, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the medical records from Dr. Ronald Moon, one of her treating physicians, and failed to incorporate all of her impairments, including non-severe impairments, in the residual functional capacity finding. Upon review of the record, the court concludes these contentions are without merit.

First, claimant asserts that the ALJ failed to specify the weight she afforded to Dr. Moon's medical records. Dr. Moon consistently noted that claimant experienced back pain, somatic dysfunction, general deconditioning, myofascial pain, pelvic inflammatory disease, asthma, and headaches and numbness in her feet upon any increase in back pain. Dr. Moon prescribed a home exercise program, weekly physical therapy, continued pain medications, and a TENS unit for pain. He advised claimant to remain off work until July 20, 2009, which was approximately a one-month time period.[1] The ALJ accurately summarized Dr. Moon's medical records in the administrative decision, and she considered those records in her evaluation of the

---

[1] Tr. 649-67.

2

credibility of claimant's subjective complaints.[2]  The ALJ also considered that Dr. Moon dismissed claimant as a patient after approximately five months, because she had missed several appointments.[3]  Even so, as claimant points out, the ALJ did not state what weight she afforded Dr. Moon's records.  That was not error, however.  Instead, it can be explained by one simple observation:  Dr. Moon did not offer a medical opinion.  Social Security regulations provide that "medical opinions" are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Dr. Moon did not complete a physical capacities evaluation, he did not specify claimant's functional limitations, and he did not provide any opinion about claimant's ability to work, except during a brief, one-month time period.  Accordingly, the ALJ was not required to specify the weight assigned to Dr. Moon's treatment notes, in the same way she assigned weight to, for example, the opinion of Dr. Thomas Lecroy, a treating physician who completed a Medical Source Statement indicating the extent of claimant's psychological limitations.[4]  Instead, the ALJ properly considered Dr.

---

[2] Tr. 19.
[3] *Id.*
[4] Tr. 22-23, 477-78.

3

Moon's treatment records in evaluating claimant's credibility, and her residual functional capacity findings were supported by substantial evidence. In particular, contrary to claimant's assertion that the ALJ "failed to incorporate any limitations based on pain in her [residual functional capacity finding],"[5] the ALJ accommodated many of claimant's subjective impairments by limiting her to light work with no climbing, balancing, stooping, kneeling, crawling, reaching overhead, working around dangerous machinery and unprotected heights, concentrated exposure to uneven terrain, running, or jumping.[6]

Claimant' next argument is that the ALJ failed to incorporate all of her impairments into the residual functional capacity finding, in violation of Social Security Ruling 96-8p. That ruling states, in pertinent part:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may — when considered with limitations or restrictions due to other impairments — be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

---

[5] Doc. no. 10 (claimant's brief), at 11 (alteration supplied).
[6] Tr. 21.

4

SSR 96-8p, at *5.  Similarly, Social Security regulations state the following with regard to the Commissioner's duty in evaluating multiple impairments:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled . . . .

20 C.F.R. §§ 404.1523, 416.923.  *See also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (stating that, when the claimant has any severe impairment, the ALJ is required to assess the limiting effects of *all* of the claimant's impairments — including those that are not severe — in determining the claimant's residual functional capacity).

According to claimant, the ALJ failed to consider her gastroesophageal reflux disease, hypertension, hypoglycemia, headaches, and malaise in determining her residual functional capacity.  The ALJ explicitly acknowledged claimant's gastroesophegeal reflux disease, hypertension, and hypoglycemia, but she found those conditions to be non-severe impairments because they were "only slight abnormalities that cannot reasonably be expected to produce more than minimal, if any, work-

related limitations . . . ."[7] Even so, the record reflects that the ALJ considered *all* of claimant's impairments — including those that are not severe — in evaluating claimant's residual functional capacity. The ALJ stated that claimant did not have an impairment *or combination of impairments* that met or medically equaled any of the listings.[8] The ALJ also stated that she "considered all symptoms" and made her credibility determination "based on a consideration of the entire case record."[9] Finally, she stated that she was assigning functional limitations based on "the totality of the claimant's impairments . . . ."[10] The Eleventh Circuit has found statements of that sort to indicate that the ALJ properly considered all of a claimant's impairments. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002); *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). Additionally, the ALJ's opinion as a whole reflects a thorough consideration of *all* of the medical evidence. Therefore, the ALJ did not err by failing to properly consider all of claimant's impairments.

In accordance with the foregoing, the court concludes that the ALJ's decision was supported by substantial evidence and in accordance with applicable legal

---

[7] Tr. 14.
[8] Tr. 15.
[9] Tr. 17.
[10] Tr. 21.

standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

    DONE this 29th day of August, 2014.

                                        _____
                                        United States District Judge